UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Trustees of the LABORERS PENSION
TRUST FUND – DETROIT &
VICINITY, Trustees of the LABORERS
VACATION & HOLIDAY TRUST
FUND – DETROIT & VICINITY,
Trustees of the LABORERS ANNUITY
FUND – DETROIT & VICINITY, and
Trustees of the LABORERS TRAINING
FUND,

           Plaintiffs,

    v.

METALLIZERS OF MID-AMERICA,
Inc.,

           Defendant.
_____/

Case No. 13-14874

The Honorable Patrick J. Duggan

Magistrate Judge Michael Hluchaniuk

## OPINION AND ORDER SUSTAINING PLAINTIFFS' OBJECTIONS TO THE MAGISTRATE JUDGE'S ORDER

This matter is currently before the Court on the Fund Plaintiffs' objections to

Magistrate Judge Michael Hluchaniuk's Order which granted in part, and denied in

part, Defendant's Metallizers of Mid-America's Motion for Protective Order.  For

the reasons stated below, the Court sustains Plaintiffs' objections and modifies

Magistrate Judge Hluchaniuk's Order.

## I.   BACKGROUND

The background of this case is succinctly summarized in the Order issued by

Magistrate Judge Hluchaniuk on May 20, 2014.  (ECF No. 22, Pg ID 199-203.)

The Court does not recite the entire background here, but does note the following

relevant facts.

> [Plaintiffs] seek a money judgment against the [D]efendant for an
> alleged deficiency in the payments due the [Plaintiffs] under the
> [Collective Bargaining Agreement ("CBA")] for January of 2009
> through December of 2011 and also seek to conduct an audit of
> [D]efendant's books and records related to the periods of time
> subsequent to December of 2011 in order to determine if payments
> [made] to the [Plaintiffs] by Defendant are proper for that time period.
> .  .  .  The  discovery  requests  that  [D]efendant  contends  are
> objectionable  are  requests  for  the  production  of  documents  that
> generally  can  be  described  as  follows:  (1)  any  records  of
> [D]efendant's banking activities from January 2009 to the present; (2)
> any  records  of  [D]efendant's  credit  card  transactions  from  January
> 2009  to  the  present;  and  (3)  any  general  business  records  of
> [D]efendant as well as federal and state tax returns.

(ECF No. 22, Pg ID 199-200.)

Defendant contends that the only documents that it is required to produce for

purposes of an audit are those categories of documents identified in the CBA.  (*Id.*

at Pg ID 201.)  Plaintiffs argue that pursuant to the Trust Agreement, CBA, and

ERISA, they are entitled to documents beyond those listed in the CBA to verify the

accuracy of the records produced by Defendant.  (*Id.*)  Magistrate Judge

Hluchaniuk found that the Trust Agreement provides for liberal discovery during

the course of an audit while the CBA limits the list of discoverable documents to

those enumerated in its investigations provision.  (*Id.* at Pg ID 208.)  Relying upon

the Sixth Circuit's ruling in *DeMarco v. C & L Masonry, Inc.*, 891 F.2d 1236 (6th

Cir. 1989), Magistrate Judge Hluchaniuk concluded that because the terms of the

Trust Agreement and the CBA conflict with respect to what types of documents are

discoverable for purposes of conducting an audit, the CBA is the controlling

document.  (*Id.* at Pg ID 203.)  Plaintiffs filed the following four objections to

Magistrate Judge Hluchaniuk's Order.

> Objection 1: Objection is taken to the Magistrate Judge's conclusion, as being clearly erroneous and/or contrary to law, that [D]efendant's [M]otion for [P]rotective [O]rder must be granted in part with respect to certain documents requested by [P]laintiffs because there is a conflict between the [CBA] and the [Trust Agreement] with respect to the scope of documents that must be produced.
>
> Objection 2: Objection is taken to the . . . finding . . . that the [CBA] contains a "limited, finite list of documents that have to be produced for an audit.
>
> Objection 3: Objection is taken to the . . . conclusion . . . that the circumstances of the instant case are distinguishable from those in [*DeMarco*, 891 F.2d at 1236], in that in the instant case there is a conflict between the language of the [CBA] and [Trust Agreement] so as to deny [P]laintiffs documents sought for a payroll audit of [D]efendant's payment of fringe benefit contributions.
>
> Objection 4: Objection is taken to the . . . conclusion . . . that the parties agreed to limit the documents to be produced for an audit to the specified listed documents set forth in the [CBA].

(ECF No. 25, Pg ID 217-18.)

## II.    STANDARD OF REVIEW

The standard of review set forth in Federal Rule of Civil Procedure 72(a) governs this non-dispositive matter.  Fed. R. Civ. P. 72(a).  Pursuant to this rule, "The district judge in the case must consider timely objections and modify or set aside any part of the [Magistrate Judge's] order that is clearly erroneous or is contrary to law."  *Id.*; *see also* 28 U.S.C. § 636(b)(1)(A).

The "clearly erroneous" standard does not empower a reviewing court to reverse a magistrate judge's finding because it would have decided the matter differently.  *See, e.g.*, *Anderson v. Bessemer City, N.C.*, 470 U.S. 564, 573-74, 105 S. Ct. 1504, 1511-12 (1985).  Instead, the "clearly erroneous standard is met when despite the existence of evidence to support the finding, the court, upon reviewing the record in its entirety, "is left with the definite and firm conviction that a mistake has been committed."  *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395, 68 S. Ct. 525, 542 (1948).  An order is contrary to law "when it fails to apply or misapplies relevant statutes, case law, or rules of procedure."  *Catskill Dev., L.L.C. v. Park Place Entm't Corp.*, 206 F.R.D. 78, 86 (S.D.N.Y. 2002).

## III.    ANALYSIS

Plaintiffs' four objections are predicated upon a single theory that Magistrate Judge Hluchaniuk incorrectly concluded that the broad language employed in the Trust Agreement conflicts with the more limited language contained in the CBA,

4

and that due to this conflict, the terms of the CBA control.  (ECF No. 24, Pg ID 217-18.)  More specifically, Plaintiffs believe Magistrate Judge Hluchaniuk mistakenly construed the term "including" contained in the CBA's investigation clause to limit rather than illustrate the type of documents that must be produced during an audit.  The Court finds Plaintiffs' argument persuasive and further finds that the challenged portion of the order is contrary to law in that it failed to engage in a meaningful interpretation of the contract language at issue.

Whether Plaintiffs' requests for production pursuant to Federal Rule of Civil Procedure 34 are proper depends on the language contained in the CBA and the Trust Agreements specifically incorporated therein.  As Magistrate Judge Hluchaniuk correctly noted, "Rule 26(b)(1) establishes an outer limit on the universe of information that can be sought in discovery," and Plaintiffs failed to "cite[] any authority for the proposition that the scope of what has to be produced for the purpose of conducting an audit . . . cannot be limited by the agreement of the parties."  (ECF No. 22, Pg ID 205.)   Where the Court disagrees with Magistrate Judge Hluchaniuk's Order, however, is that it did not then go on to analyze the specific language contained in the Trust Agreement and CBA.  Instead of discerning the parties' intent by parsing the language used in the documents, the Order merely indicates that "the CBA contains a specific list of documents that an

5

employer has to produce for an audit[]" and distinguishes this from the cases

Plaintiffs relied upon.  (*Id.*)

Courts in the Sixth Circuit apply the following rules of construction in

interpreting collective bargaining agreements, such as the one at issue here:

> Many of the basic principles of contractual interpretation are fully appropriate for discerning the parties' intent in collective bargaining agreements.  For example, the court should first look to the explicit language of the collective bargaining agreement for clear manifestations of intent.  The intended meaning of even the most explicit language can, of course, only be understood in light of the context which gave rise to its inclusion.  The court should also interpret each provision in question as part of the integrated whole.  If possible, each provision should be construed consistently with the entire document and the relative positions and purposes of the parties.  As in all contracts, the collective bargaining agreement's terms must be construed so as to render none nugatory and avoid illusory promises.  Where ambiguities exist, the court may look to other words and phrases in the collective bargaining agreement for guidance. . . .  Finally, the court should review the interpretation ultimately derived from its examination of the language, context and other indicia of intent for consistency with federal labor policy.  This is not to say that the collective bargaining agreement should be construed to affirmatively promote any particular policy but rather that the interpretation rendered not denigrate or contradict basic principles of federal labor law.

*Int'l Union, United Auto. v. Yard-Man, Inc.*, 716 F.2d 1476, 1479-80 (6th Cir.

1983) (citations omitted).

The Court first looks to pertinent section of the Trust Agreement, Article

XIV, which provides:

> The Trustees may employ an auditor or auditors . . . *to examine payroll and related records of the employers* [and] may examine *the*

*pertinent records* of any employer at the employer's place of business whenever such examination is deemed necessary or advisable by the Trustees in connection with the proper administration of the Fund.

(ECF No. 14-4, Pg ID 151 (emphasis added).)  This language purports to grant the Trustees with broad authority to examine "payroll and related records of the employers."  Although the Trust Agreement is specifically incorporated by reference in the CBA, this does not end the Court's analysis.  Rather, the Court must also examine the language in the CBA to determine whether a conflict exists.  In this endeavor, the Court is mindful of the principles set forth in *Yard-Man*.

The CBA provision which governs investigations and the collection of fringe benefit contributions provides, in pertinent part:

1. The Employer agrees to furnish the Trustees of the various fringe benefit funds provided for in this Agreement, upon request, such information and reports as the Trustees may require in the performance of their duties. The Employer further agrees that the Trustees, or any other agent authorized by the Trustees, shall have the right to enter upon the premises of the Employer to perform an audit to determine whether the Employer is complying fully with the provisions of this Agreement (and the trust documents incorporated herein by reference) regarding Employer contributions. *For that purpose the Trustees . . . shall have access to all necessary Employer records, including*: (a) Original payroll records showing each employee's name, address, Social Security number, occupation, straight time and overtime hours worked, rate of pay, gross pay, F.I.C.A. deduction, Withholding Tax deductions, other deductions, check number and net pay. (b) Each employee's earnings record by calendar year with quarterly totals. (c) Copy of W-4 Form filed for each employee. (d) Copy of W-2 Form filed for each employee. (e) Copy of Social Security Quarterly Report filed (Form 941), and canceled checks supporting payment of same. 2. *This will permit the*

7

> *Trustees to determine whether the Employer is complying fully with the provisions of this Agreement regarding Employer contributions.*

(ECF No. 9-2, Pg ID 61-62 (emphasis added).)

As alluded to previously, the propriety of Plaintiffs' discovery requests hinges on whether the broad language employed in the Trust Agreement is consistent with the seemingly more limited language used in the CBA, and if so, to what extent. *Yard-Man*, 716 F.2d at 1480 ("As in all contracts, the collective bargaining agreement's terms[,]" which incorporate the Trust Agreement, "must be construed so as to render none nugatory and avoid illusory promises.").

At first blush, it may appear unclear as to whether the drafters of the CBA intended to provide an exhaustive list of discoverable documents or merely listed several illustrative examples of documents that would fall within the scope of the agreement. Because intent matters, the Court first looks to the explicit language of the CBA, not only because this is what *Yard-Man* instructs courts to do, but because it is this language that the parties focus on in this discovery dispute.

Black's Law Dictionary defines "include" as "[t]o contain as a part of something." *Black's Law Dictionary* (9th ed. 2009). It goes on to provide that "[t]he participle *including* typically indicates a partial list[,]" and provides the following example: "the plaintiff asserted five tort claims, including slander and libel[.]" *Id.* (emphasis in original) To make sure the point is clear, the entry indicates that although "some drafters use phrases such as *including without*

8

*limitation* and *including but not limited to*[,]" these phrases "mean the same thing

[as including]." *Id.* (emphasis in original).  Further, the Supreme Court of the

United States has explained "that the term 'including' is not one of all-embracing

definition, but connotes simply an illustrative application of the general principle."

*Fed. Land Bank of St. Paul v. Bismarck Lumber Co.*, 314 U.S. 95, 100, 62 S. Ct. 1,

4 (1941) (citing *Phelps Dodge Corp. v. NLRB*, 313 U.S. 177, 189, 61 S. Ct. 845,

850 (1941)); *see also P.R. Mar. Shipping Auth. v. Interstate Commerce Comm'n,*

645 F.2d 1102, 1112 n.26 (D.C. Cir. 1981) ("It is hornbook law that the use of the

word 'including' indicates that the specified list ... is illustrative, not exclusive").

However, "the term 'including' can also introduce restrictive or definitional

terms.  If we say that 'all licensed drivers, including *applicants* for driver's

licenses, shall take an eye exam,' the word 'including' means 'and' or 'in addition

to.' That meaning is derived from the fact that a 'licensed driver,' by definition,

excludes an 'applicant,' and therefore if we intend to include applicants we must

say so." *Adams v. Dole*, 927 F.2d 771, 777 (4th Cir. 1991).

Faced with these contending uses of "including," the Court should, if

possible, interpret the provision in question in accordance with the integrated

whole.  *Yard-Man*, 716 F.2d at 1479.  In other words, the key to whether

"including" is intended to be used in an illustrative or a restrictive manner is

determined by its placement and context within the CBA.  Defendants argue that

9

the list of items following the word "including" is suggestive of a restrictive intent.

Magistrate Judge Hluchaniuk agreed, indicating that the CBA contains "a limited,

finite list of documents that have to be produced for an audit." (ECF No. 22, Pg ID

204.) Plaintiffs, on the other hand, rely on cases such as *DIRECTV v. Crespin*, 224

F. App'x 741 (10th Cir. 2007), to argue that the plain meaning of "including"

evinces the intent of the CBA drafters to provide an illustrative list of discoverable

documents. Reading the contract as a whole, Plaintiffs' argument is the correct

one.

The opening sentence contested provision states that "[t]he Employer agrees

to furnish . . . such information and reports as the Trustee may require in the

performance of their duties." (ECF No. 9-2, Pg ID 61.) These duties include

monitoring employer compliance "with the provisions of this Agreement regarding

Employer contributions." (*Id.* at Pg ID 62.) As the *DeMarco* Court remarked, in

"[e]xamining the policy concerns behind ERISA," the Supreme Court has "noted

the duty of the Trustees to act as a 'watchdog' to ensure that the plans receive all of

the funds to which they are entitled." *DeMarco*, 891 F.2d at 1240 (citing *Cent.*

*States Pension Fund v. Cent. Transp.*, 472 U.S. 559, 105 S. Ct. 2833 (1985)).

Thus, the Trustees' duty to ensure that employers are properly contributing to the

plans necessarily entails the need for the Trustees to obtain documentation to

"cross-check the accuracy" of other records. *Id.* When construed with the

10

language contained in the same clause, the list following "including" is properly understood as illustrative of the types of documents the Trustees may request in the performance of their fiduciary duties.

Further supporting this interpretation is that the term "including" is preceded by the words "all necessary Employer records." (ECF No. 9-2, Pg ID 61.)  Used in the context just described, the word "including" in the CBA is being used in its customary meaning: in other words, "[t]he participle *including*" is being used in its typical sense in that it "indicates a partial list." *Black's Law Dictionary* (9th ed. 2009).

Having engaged in the legal analysis required by *Yard-Man* – an analysis that Magistrate Judge Hluchaniuk did not engage, therefore rendering his Order contrary to law – the Court sees no conflict between the language contained in the Trust Agreement and the CBA.

## IV.   CONCLUSION

For the reasons stated above, Plaintiffs' objections to Magistrate Judge Hluchaniuk's May 20, 2014 Order are **SUSTAINED**.  Magistrate Judge Hluchaniuk's Order is **MODIFIED** to the extent it opined that the CBA contained an exhaustive set of documents subject to discovery as this conclusion was clearly erroneous and contrary to law.  As discussed in the body of this Opinion and Order, the items following "including" were illustrative.

Defendant did not object to Magistrate Judge Hluchaniuk's conclusion that it had not discharged its burden of demonstrating that the discovery requests would impose an undue burden.  (ECF No. 22, Pg ID 206.)  However, given the language in the Order that "[g]iven the ultimate ruling on this motion, it is not necessary to identify which requests are objectionable and which are not[,]" (*id.*), the Court will return the matter to Magistrate Judge Hluchaniuk to revisit this limited issue.

**IT IS SO ORDERED.**

Dated: August 14, 2014

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:

**Amy E. Bachelder, Esq.**
**Nadeem N. Harfouch, Esq.**
**Shawn R. Cioffi, Esq.**
**Magistrate Judge Michael Hluchaniuk**